Hitchcock, J.
The request first made by plaintiff’s counsel for the instruction of the court to the jury, is based upon the assumption, that in order to avoid a contract for fraud, the fraud must be committed in the execution of the instrument witnessing the contract, and not in false and fraudulent representations previously made, which induced the party to execute it. The court of common pleas did not recognize this as a sound princijilo of law, and refused to charge as requested. Upon this question this court is divided in opinion, or at least have not been able to come to a definite conclusion, and it is therefore left undetermined. Nor are we prepared to say whether or not there was error in the charge actually given by the court in response to this request.
Counsel for plaintiff next requested the court to charge the jury that they could not find the consideration for said writing obligatory had entirely failed, unless they found that the repairs constituting such consideration, were of no *valuo; nor that the consideration had failed in part, unless they should find that a part of such repairs were of no value, and also find the pi'ice fixed upon such repairs as were of no value.
*427 The court refused so to charge the jury, but did charge that such was not the law.
Was this erroneous?
The construction which has been put by this court upon the act of February 24, 1834, allowing a defendant to an action upon a written contract for tho payment of property or money, to plead or give notice of the entire or partial failure of consideration, is this : If' the defendant relies upon entire failure, ho must so make his proof. If he relies upon partial failure, he must, by his proofv show wherein this partial failure consists. It is not enough that he proves that the consideration is less valuable than it was supposed or estimated to be, when the contract was made. If tho law were to be so construed, it would bo of no use to fix any value upon the property or labor, or whatever might bo the consideration of the note, bond, or contract, for this value might be varied by the proofs, or by the verdict of a jury. Besides, if the vendee of an article might prove that the article was of less value than the contract price, the vendor ought to be permitted to prove that it was more valuable. Such was never the intention of the law. To avail himself of this law, a defendant must show that the consideration is entirely valueless, or if the defense is partial failure, then he must prove that part of the consideration which is claimed to have failed, was entirely valueless.
For instance, a note is given, the consideration of which is one thousand barrels of flour, at a stipulated price per barrel. No part of the flour is delivered. Hero would be an entire failure of consideration. If but five hundred barrels is delivered, there is a partial failure of consideration to this extent. But the maker of the note can not rely upon the defense, that there was a partial failure of consideration, and ^sustain the same by proof, that tho flour was of less value than the contract price.
If we are right in this construction, and it is the construction which this court has always given to the statute, it follows that the court of common pleas erred in not instructing upon this point as requested.
For this error the judgment is reversed, and the cause remanded for further proceedings.